STATE CENTRAL SAVINGS BANK, Appellee, v. CARRIE H. MAPEL, Appellant; W. N. SAGE et al., Appellees.

No. 44734.

June 20, 1939.

Rehearing Denied September 29, 1939.

J. S. Tall and J. F. Hudson, for appellant.

J. O. Boyd and James Huiskamp, Jr., for appellee, State Central Savings Bank of Keokuk, Iowa.

L. J. Montgomery, for appellees, W. N. Sage and Florence M. Sage.

Miller, J.—This is a suit to foreclose two mortgages. The real estate described in the mortgages includes "Two hundred and eleven. (211) acres in Fractional Section four (4) in Township sixty-four (64) North, of Range five (5) West, and the Fractional South East Quarter (¼) of Section thirty-three (33) in Township Sixty-five (65) North of Range five (5) West in Lee County, Iowa." This tract of 211 acres was situated between the center of the old channel of the Des Moines river, where the same formerly extended across said section 4 in a northeasterly and southwesterly direction, and the bank of the Mississippi river, as the same existed on or about September 24, 1908. The channel of the Des Moines river has changed in the meantime. As near as we can determine, all of the land now lies south of the present channel of the Des Moines river, and is included in the lands referred to in House File 651 of the Acts of the 48th General Assembly, Ch. 304, which statute was enacted as a part of a proposed readjustment of the boundary line between the State of Iowa and the State of Missouri. The difficulties, in now determining the middle of the old channel of the Des Moines river and the banks of the Mississippi river, as the same existed on or about September 24, 1908, account for this litigation.

The petition of the appellee, State Central Savings Bank, alleges, among other things, in count I thereof, that on December

30, 1925, W. N. Sage and wife gave a note and mortgage of $5,000 to the Iowa State Insurance Company, which mortgage included the 211 acres above referred to; that said mortgage was assigned to appellee bank on July 24, 1929, the assignment describing the premises by metes and bounds later referred to; that the parties used a short and abbreviated description of the real estate in the preparation of the mortgage and intended to include, within said 211 acres, real estate which is more accurately and definitely described by metes and bounds set forth in the petition. The metes and bounds so set forth comprise approximately two and one-half pages of the abstract. Accordingly, we do not set them out at length herein. The prayer of said count I of the petition is for reformation of the mortgage to include therein a description of the real estate by the metes and bounds set forth in the petition. In count II of the petition of appellee bank, it incorporates therein count I of the petition, sets forth additional allegations and prays for foreclosure of the mortgage, after being reformed pursuant to count I.

In count III of the petition, appellee bank asserts a note and mortgage for $3,500 executed on March 20, 1926, by said W. N. Sage and wife to the Iowa State Insurance Company, which has been assigned to the bank, said mortgage including within the lien thereof the same 211 acres. Count I of the petition is incorporated in said count III, and a similar prayer for the reformation of said mortgage is included in count III. In count IV of the petition, the bank asks for foreclosure of the $3,500 mortgage, subject only to the prior lien of the mortgage described in count II.

Appellant, Carrie H. Mapel, filed answer and cross-petition. In her answer she denies that count I of the petition states a cause of the action, denies that appellee bank is entitled to reformation of either of its mortgages, denies that the metes and bounds alleged by the bank accurately describe the 211 acres, alleges that said metes and bounds include 70 or 90 acres, more or less, which were not owned by said W. N. Sage at any time, denies that appellee bank has any lien on the said 70 acres, but admits that appellee bank is entitled to a decree of foreclosure on the 211 acres of land described in its mortgages. The answer prays that the reformation of the mortgages sought by the bank be denied.

In the cross-petition, appellant alleges that the bank's

mortgages were not intended to include the metes and bounds alleged by the bank, and that appellant is the owner of 70 acres, more or less, lying south of the 211-acre tract covered by the bank's mortgages. The prayer of appellant's cross-petition is that title to the 70 acres, more or less, lying south of the 211 acres embraced in the bank's mortgages, be quieted in appellant.

On April 1, 1938, the court entered a judgment and decree, which recited that the cause came on for hearing, appellee bank appearing by counsel, appellant and cross-petitioner appearing by counsel, other parties appearing by counsel, others appearing not and, being in default, default was entered of record against those parties not appearing by counsel. The cause proceeded to trial and the court found that the allegations contained in the bank's petition are true, that it is entitled to the relief sought, that the two mortgages sued upon by the bank are genuine, just, due and unpaid, and that the bank is entitled to recover on said notes and mortgages as the assignee of the Iowa State Insurance Company to the extent of $4,821.27 on the first mortgage, and $3,273.38 on the second mortgage.

The court further found that the $5,000 note and mortgage had their origin and inception in a note and mortgage given by one Ella Hinman to the Farmers Savings Bank of Wever, Iowa, on September 24, 1908, wherein the real estate was described as "Two hundred and eleven (211) acres in Fractional Section 4, Township 64, Range 5, and other property"; that said Farmers Savings Bank of Wever was unable to collect said mortgage and, after having brought suit for foreclosure, by mutual agreement, said Ella Hinman conveyed to said Farmers Savings Bank, by deed, the 211 acres, using the same legal description of the real estate. The court further found that, by successive mortgages and conveyances, there was a subrogation and transfer of interest, rights and title in and to said tract of 211 acres and that appellee bank is subrogated to all the rights in and to said 211 acres of land, enjoyed by any and all of the successive grantees and mortgagees beginning with the mortgage to the Farmers Savings Bank of Wever on September 24, 1908, that appellee bank is entitled to a lien of its mortgages on said 211 acres of land, as said land then existed and is entitled to have its mortgages foreclosed on said 211 acres of land, with the same boundaries possessed by the

tract on September 24, 1908, which boundaries should be ascertained and definitely determined; that a suitable and competent surveyor or civil engineer should be appointed for the purpose of investigating said boundaries and making a survey thereof to the end that a definite and accurate description of the land might be used in the order directing the sale of said premises for the payment of the indebtedness secured by the mortgages of appellee bank.

The court further found that said 211-acre tract was situated between the center of the old channel of the Des Moines river, where the same formerly extended across said section 4 in a northeasterly and southwesterly direction, and the banks of the Mississippi river, as the same existed on September 24, 1908, and that appellant, Carrie H. Mapel, is the owner of other land, which lies south of the 211 acres of land mortgaged by said Ella Hinman to the Farmers Savings Bank of Wever on September 24, 1908.

The court appointed one C. J. Nelson for the purpose of making a survey, ascertaining the definite boundaries of said 211 acres of land above referred to, and authorized and directed him to make said survey, to mark the boundaries of said lands, to follow the findings set forth by the court in making the same, make a plat of said survey and attach the same to a report of his doings.

It was further ordered that the cause be continued as to all other issues for determination after the report of the survey had been made. This judgment and decree appears to have been a consent decree. No exceptions were granted to any of the findings made therein, and, as far as the appellant herein is concerned, there appears affixed to the decree the notation, ''OK. J. S. Tall, Attorney for Carrie H. Mapel.''

On July 8, 1938, Nelson filed his report. He recited that he interviewed sundry and diverse persons with reference to the location of the boundaries of the 211 acres, described in the mortgage to the Farmers Savings Bank of Wever, dated September 24, 1908; that he had interviewed those who had cropped said land from year to year, and who were acquainted with its boundaries at that time, and also interviewed those who had known the land at various intervals between that time and the present; that, during the lifetime of Ella Hinman, he was employed by her to make surveys of said land, and, in doing so,

he gained much information that was valuable and useful in the making of the present survey and in the investigation necessary to make his report; that part of said land is situated in the South East Quarter of Section 33, Township 65, Range 5, part in the North East Quarter of Section 4, Township 64, Range 5, a small triangular part in the North West Quarter, a part in the South East Quarter, and the remainder in the South West Quarter of said Section 4, as indicated on the plat attached to the report.

Nelson's report then sets out detailed metes and bounds, which he found to be the correct metes and bounds description of the 211-acre tract. These metes and bounds comprise a full page of the abstract. We do not repeat them here. The plat attached to Nelson's report shows that the tract of land, as surveyed by him, extends in a northeasterly and southwesterly direction across said section 4, being fairly wide at the north and quite narrow at the southern end. The plat shows the acreage in three parcels—one consisting of 183.1 acres, another 7.8 acres, the third 3 acres, making a total of 193.9 acres.

On September 9, 1938, appellant filed exceptions to Nelson's report, asserting that the plat attached to the report is erroneous, has no support in the record, nor any basis in fact and does not comply with the order of court of April 1, 1938; that the description and plat conflict with and encroach upon land adjudged to belong to appellant by the decree of April 1, 1938, as lying south of the 211 acres mortgaged by Ella Hinman to the Farmers Savings Bank of Wever on September 24, 1908; that in truth and in fact, there should be no conflict between the 211-acre tract adjudged to be included in the lien of appellee bank, and the land adjudged to appellant, and that appellee bank is now barred and estopped to claim any such conflict.

The basis for the claim of estoppel was that, on April 2, 1925, one Sophia Reinecke instituted an action in foreclosure against Ella Hinman, appellant's predecessor in title, to foreclose a mortgage from said Ella Hinman to said Sophia Reinecke, on the south 25 acres of the cultivated land in Section 4, Township 64, Range 5, Lee County, Iowa; that, in said foreclosure action, appellee Sage and the Farmers Savings Bank of Wever were made parties defendant, the Farmers Savings Bank filed a disclaimer of any interest in said 25 acres and was dismissed from the proceedings, Sage failed to appear or make any

defense or assert any claim to the 25 acres, and, accordingly, appellee bank is now barred from asserting any right to said 25 acres; that the judgment and decree entered in favor of Sophia Reinecke in said foreclosure action was tantamount to and constituted an adjudication of title to said 25-acre tract as between Ella Hinman and the said Farmers Savings Bank of Wever and said W. N. Sage, is res adjudicata and a bar to any supposed claim of ownership by appellee bank to the said 25 acres.

Appellant also asserted in her resistance to Nelson's report that the order of reference did not prescribe the manner in which testimony should be taken and that the directions of the statutes were not followed.

On September 27, 1938, the cause proceeded to trial on the objections of appellant to Nelson's report and survey.

Nelson testified that he has been city engineer for the City of Keokuk for ten years. He identified the plat attached to his report and testified, without objection, that it shows the center line of the old Des Moines river channel and the old shore line of the Mississippi river; that the survey was made in accordance with the order of court made on April 1, 1938; that the plat is the result of such survey and his investigation as to the boundaries and lines, and is a true and correct survey. The plat was received in evidence without objection.

On cross-examination, Nelson testified that he could not say definitely and positively where the banks of the Mississippi river were on September 24, 1908, but he didn't think they were very far from the line that he had established. He testified that the total acreage shown within the boundary of what is described as the Sage tract was 183.1 acres. Counsel for appellant then presented him with a former survey made for Ella Hinman, identified as appellant's Exhibit A. He testified that the southern end of the Sage tract apparently conflicts with the 25-acre tract described in Exhibit A; that, if the former survey, Exhibit A, were followed, appellee bank would get 211 acres without running onto the 25-acre tract, that the accretion to the 25-acre tract would amount to something like 92 acres, that he made the survey on instructions from Ella Hinman of her claims. Exhibit A was offered and objected to as incompetent, irrelevant and immaterial to the issues in controversy.

On re-direct examination, Nelson testified that, in making Exhibit A, the boundaries and measurements were along lines

directed by Miss Hinman, according to what she claimed. She told him what to do in locating a 25-acre tract; in the description of the 211 acres, he went around the whole island and worked down until he got 211 acres; the survey was never presented to anyone else than Miss Hinman; that was the way she asked him to make the survey.. The 211 acres extended out to some willows and to the present river. It included certain lands claimed by one Hecox.

On re-cross examination, Nelson testified that the instructions under which he made Exhibit A were such that Exhibit A is an accurate description of the south 25 acres of cultivated land.

One Frank Woods testified that he has been farming the Hinman or Sage land since 1916, except for the year 1925; that the bank of the Mississippi river has not changed since 1912; that the tract of land has been referred to as a 211-acre tract; that he is familiar with the Hecox land and the 211-acre tract did not include that land. It was also stipulated that the 211-acre tract has been assessed since 1920 to W. N. Sage, or N. E. Tate, Trustee, and has been of various descriptions from 196.2 to 211.25 acres, and none of it was assessed to appellant, or her grantor.

Appellee bank also introduced in evidence various documents, including deeds, mortgages, assignments, abstracts of title, etc. From these it appears that appellant's claim herein is based upon a mortgage from Ella Hinman executed and recorded February 2, 1934, which conveyed the south 70 acres of land, more or less, on Nassau Island in Fractional Sections 4 and 9 in Township 64 North of Range 5 West of the 5th Principal Meridian, Lee County, Iowa, lying South of 211 acres of land mortgaged to the Farmers Savings Bank of Wever, Iowa, by Ella Hinman.

Appellant did not call any witnesses, but offered in evidence, in addition to the aforesaid Exhibit A, the court files in the foreclosure suit of Sophia Reinecke v. Ella Hinman.

On October 5, 1938, the court entered a supplemental judgment and decree rendering judgment in favor of appellee bank in rem for the amount found due on its mortgages, and establishing the lien of such mortgages as superior to the interests of any of the defendants in the suit, including appellant. The lien is described by the metes and bounds reported in Nelson's

report, and his report, findings, survey and plat are approved, ratified and confirmed. Special execution was authorized and the lands ordered sold to satisfy the judgment of appellee bank. It was further ordered that the court retain jurisdiction for the purpose of making such other and further orders as may be required. Appellant, Carrie H. Mapel, alone appeals to this court.

At the outset, we are faced with a motion to dismiss. The principal ground of the motion is that the notice of appeal was not served upon necessary parties. In so far as the appeal might involve the quieting of title in appellant to the lands referred to in her cross-petition, the motion to dismiss is obviously well grounded. Appellant has failed to maintain the appeal with respect to necessary parties to the granting of such relief. Appellant asserts, however, that the notice of appeal was sufficient to bring the case here for review of the action of the trial court in granting the appellee bank relief against appellant in so far as the land claimed by appellant is concerned. Considering the appeal to be so limited and to present only such questions for our consideration, the motion to dismiss is overruled.

■ I. The first proposition urged by appellant is that the record is insufficient to support the reformation of the mortgages. The difficulty with appellant's position is that the granting of such relief to appellee bank was provided for in the consent judgment and decree entered on April 1, 1938. The record before the court, on which such judgment and decree is based, is not before us. Appellant was granted no exception to that decree. As above pointed out, appellant agreed to the decree. No appeal was taken therefrom. The propriety of the court's granting such relief to appellee bank is not properly before us. Accordingly, there is no merit in such contention of appellant.

II. The second proposition urged by appellant is that appellee bank is bound by certain allegations of its petition with respect to the ownership of the 25 acres by Ella Hinman when she mortgaged the same to Sophia Reinecke. This contention is without merit because of the matters discussed in division IV of this opinion, post.

■ III. The third proposition urged by appellant is that there is no competent, relevant and satisfactory evidence to support Nelson's location of the 211-acre tract or the judgment of

the court confirming his report. As heretofore pointed out, Nelson testified as a witness. He showed that he was qualified to make the survey. He identified the plat upon which was recorded the results of his survey. This plat was introduced in evidence without objection. He was permitted to testify, without objection, that the plat shows the center line of the old Des Moines river channel and the old shore line of the Mississippi river, that the survey was made in accordance with the order of court of April 1, 1938, that the plat is the result of such a survey and is a true and correct survey. Such evidence having been introduced without objection, the position of appellant is not well taken.

It is also urged by appellant in this connection that Nelson's report should be considered a nullity because he failed to strictly follow the statutory provisions applicable to the reference of an equity case to a referee. We do not think that this matter comes within the contemplation of such statutes. Nelson was not a referee in the strict sense of the word. He was appointed as a surveyor or civil engineer to make a survey. No objection was made to his appointment nor exceptions taken thereto. If appellant had any complaint to make in reference to the procedure followed by the court in its order of April 1, 1938, appellant should have perfected her record in regard to such objections. Having made no such objection, having taken no exceptions to the order, and having agreed to the procedure, the complaints now made cannot be considered by us.

IV. Appellant's fourth proposition is based upon the claim that appellee bank is now estopped to assert that its mortgage covers the land involved in the foreclosure proceedings of the case of Sophia Reinecke v. Ella Hinman, and is bound by the disclaimer filed in such proceedings by the Farmers Savings Bank. Appellant's fifth proposition asserts that the judgment and decree in the case of Reinecke v. Hinman is res adjudicata and conclusive as to the subject matter of this appeal upon the parties to this appeal. Appellant's sixth proposition asserts that appellant is not estopped by her conduct or that of her mortgagor, Ella Hinman. As these three propositions are definitely related to each other, we consider them together.

There are several difficulties presented by appellant's contention in reference to the Sophia Reinecke decree. In the first place, the disclaimer of the Farmers Savings Bank of Wever

inured to the benefit of Sophia Reinecke. Appellant does not claim any interest in the real estate through Sophia Reinecke. While the proceedings went to decree, there was no foreclosure sale and the matter appears to have been adjusted by agreement of the parties; if the settlement was not completed, then appellee Sage, rather than appellant, claims to have succeeded to the interests of Sophia Reinecke. It is, therefore, difficult to find any basis for the claim of estoppel which appellant asserts.

There are other difficulties which seem to be conclusive against appellant. The Sophia Reinecke mortgage covered the south 25 acres of the cultivated land in Section 4, Township 64, Range 5, Lee County, Iowa. As above pointed out, appellant's claim is based upon a subsequent mortgage by Ella Hinman, which conveyed the south 70 acres of land, more or less, on Nassau Island in Fractional Sections 4 and 9 in Township 64 North, Range 5, West of the 5th P. M., Lee County, Iowa, lying south of 211 acres of land mortgaged to the Farmers Savings Bank of Wever. The argument of the appellant assumes that the description of said 70 acres described the same land as covered by the Reinecke mortgage. Counsel have not seen fit to designate any evidence in the record to support such contention, and, after diligent search, we have been unable to find any. Also, while there was some testimony from the cross-examination of Nelson which might tend to indicate the metes and bounds of the south 25 acres of cultivated land in said section 4, we have been unable to find any evidence in the record fixing the boundaries of the 70 acres referred to in appellant's mortgage.

Appellant's mortgage definitely describes the land covered thereby as being south of the 211-acre tract claimed by appellee bank. Appellant's answer asserts that appellant's land lies south of said 211 acres. The consent decree of April 1, 1938, so adjudicates. Appellant's answer admits that appellee bank is entitled to foreclose its mortgages on the 211 acres described therein. Appellee bank has introduced evidence fixing the boundaries of said 211-acre tract. Appellant, so far as we have been able to find, has introduced no evidence establishing an encroachment upon the real estate described by her mortgage. Nor do we find any evidence establishing the claims of estoppel asserted by appellant.

Since we find no error in the action of the trial court rela-

tive to those matters properly presented for our consideration by the appeal herein, the decree is affirmed.—Affirmed.

All the JUSTICES concur.